## SOUTHERN DEPARTMENT—EASTERN DIVISION.
## JUNE TERM, 1896.

The McCormick Harvesting Machine Company v. George E. Reiner *et al.*

### No. 116.

1. WRITTEN CONTRACT— *Pleading — Burden of Proof.* Where a verified answer denies the execution of the instrument sued on, the burden of proving its execution rests upon the plaintiff, and such instrument is incompetent as evidence against the party filing such verified answer, in the absence of evidence tending to establish its execution by said party.

2. GUARANTY—*Construction.* Where a contract of guaranty has attached to it a notation that it is subject to a contract, the guaranty and contract must be construed together as one transaction.

3. ——— *Reference to Contract—Finding of Jury.* Where a defendant claims that the notation, "subject to contract with McCormick Harvesting Machine Company," which is attached to a contract of guaranty, refers to an oral contract, and the plaintiff claims that such notation refers to a written contract, which by its terms does not provide for such guaranty, *held*, that a general finding of the jury for the defendant is a finding that the notation refers to the oral contract.

4. CONTRACT—*Breach—Recovery.* Where a loss occurs by reason of one party's failure to fulfil its part of a contract, it cannot recover the amount of such loss from the other party to the contract.

MEMORANDUM.—Error from Crawford district court; J. S. WEST, judge. Action by The McCormick Harvesting Machine Company against George E. Reiner and J. C. Prentice, copartners as Reiner & Prentice, to recover on promissory notes. Judgment for defendants. Plaintiff brings the case to this court. Affirmed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows :

This action was brought in the district court of Crawford county by the plaintiff in error to recover from the defendants the amount due upon three promissory notes executed by George Sailsbery, which contained the following indorsement :

"For value received, I, or we, hereby guarantee the payment of the within note at maturity, or at any time thereafter, and waive demand, protest, and notice of non-payment thereof.     REINER & PRENTICE.

"Subject to contract with McCormick Harvesting Machine Company."

After setting out the notes and the indorsement thereon, the petition contains the following averment :

"Plaintiff further says, that said notes and each of them were indorsed, guaranteed and agreed to be paid by the said G. E. Reiner and J. C. Prentice upon the conditions and those only set out in the contract made with this plaintiff and said defendants in writing, a copy of which is hereto attached, marked 'Exhibit D,' and made a part of this petition and as well a part of each of the several causes of action set out herein."

An examination of the contract develops the following statements in regard to taking, indorsing and delivering notes :

"   .   .   .   To thoroughly and vigorously canvass the above-named territory for the sale of said machines, and to sell to responsible men only.   .   .   .
To draw all notes taken for sales of said machines, wire, twine, binder-trucks, bundle-carriers, payable to the order of the McCormick Harvesting Machine Company upon blanks furnished for that purpose, and bearing not less than 7 per cent. per annum interest from July 1 next, and 10 per cent. interest after due. To sell all machines, wire, twine, binder-trucks, bundle-carriers and repairs for such prices and on such

terms only as shall be prescribed by the said company or its general agent in the territory above mentioned; and in case machines, wire, twine, binder-trucks, bundle-carriers or repairs are sold at a less price or on different terms than so prescribed (except under written instructions from said company or said general agent), the loss in price to be assumed by said agents and deducted from their commission, and the notes taken on other than that prescribed shall also be taken by said agents in payment of their commission. . . . To settle for machines sold either by cash or note at the time of delivery, and in no case to warrant machines other than as specified in the regular warranty furnished by said company, and if said agents shall deliver any machine for use in the field, or permit the use of a machine before it is fully settled for by cash or note, said agents will account and pay to said company on demand full price of such machine, together with interest from July 1 next, and waive all claims under the warranty; and further agree to pay said first party for costs or expenses incurred on said machine. To furnish said McCormick Harvesting Machine Company or their general agent, as soon as called upon after harvest, a full and detailed account of sales, on such blank forms as shall be furnished for that purpose, and to be prepared for a full and complete settlement at any time thereafter. . . . And in case sales are made to parties who are discovered and adjudged by said company or their authorized general agent to have been doubtful or worthless at the time of sale, the notes taken for such sale shall be received by said agents to apply on their commission due on sales; and it is further agreed, in case the said McCormick Harvesting Machine Company or their general agent finds that any note taken and passed upon at settlement was doubtful or worthless at the time of sale, then the said agents shall take the said note and replace it with cash or notes secured by good and responsible parties that shall be acceptable to said company or their general agent. . . .

"It is distinctly understood and agreed that the said party of the second part is to receive in the capacity

of agent of the party of the first part, and not otherwise, all moneys, notes, property or other security given or taken in payment for machines or for wire, twine, binder-trucks, bundle-carriers, repairs or other property sold by them for said company; and said agents further agree not to retain, on account of commission or other claims against the said McCormick Harvesting Machine Company any money, notes, or other property received from sales of machines, wire, twine, binder-trucks, bundle-carriers, repairs, or any other property or collection of notes or accounts, but to promptly remit all moneys, notes or other property to said company or their authorized general agent, leaving the commissions and other claims to be determined and paid at settlement. . . .

"It is further mutually agreed, that said McCormick Harvesting Machine Company shall at all times have exclusive and entire control over all orders, contracts, accounts, notes, moneys and assets or other property accruing and growing out of sales of said machines, wire, twine, binder-trucks, bundle-carriers, repairs or other property, whether for this or previous years, and may at any time annul and determine this and prior contracts and take posssession of all notes, accounts, moneys, machines, wire, twine, binder-trucks, bundle-carriers, repairs and other property in the hands of said Reiner & Prentice by virtue hereof.'"

The defendant J. C. Prentice denies under oath the execution of the written indorsement and warranty by Reiner & Prentice. The answer of George E. Reiner admits the execution of the contract of agency, but alleges

"that at the time the guaranties on the back of said promissory notes set out and described in plaintiff's petition were executed, that a verbal agreement was entered into between himself and said plaintiff, by and through its general agent, by the terms of which said plaintiff agreed, in consideration of the guaranty placed upon said notes, to return said notes to these defendants for the purpose of getting further security there-

on, and thus making said notes good and collectible; that said agreement was referred to in said guaranty in the following words, to wit, 'subject to contract with McCormick H. & M. Company.' ''

The defendant Reiner also alleges that the plaintiff failed, neglected and refused to return the notes according to said verbal agreement, and did not attempt to collect them or send them to him or either of the defendants for the purpose of obtaining more security or for the purpose of collection, as it had agreed to do; that at the time the maker of said notes was ready and willing to give good security upon said promissory notes, and that he (Reiner) could have soon made said notes collectible; that by reason of said negligence of said plaintiff the said promissory notes became worthless and the maker thereof insolvent. The answer also alleges that the plaintiff failed to offer said notes to the said defendants as commission for the sale of goods of the said plaintiff, upon which the said defendants were entitled to commissions, as by the contract of agency it was their duty to do, and that they were unable to protect themselves at a time when they could have done so by obtaining further security or by collection of the same from the maker thereof at a time when he was solvent and able to pay. It also alleges that the guaranty on the notes was made long after the notes were executed, and was without consideration.

Judgment was rendered for defendants and against the plaintiff for costs. It brings the case here for review.

*Wells & Wells*, for plaintiff in error.

*Fuller & Randolph*, and *Brown & Russell*, for defendants in error.

The opinion of the court was delivered by

DENNISON, J.: So far as the defendant Prentice is concerned, there is no contention that he in person signed the guaranty. The firm name of Reiner & Prentice was signed by George E. Reiner. The evidence discloses the fact that Reiner & Prentice were in partnership in the hardware and machine business, and there is no evidence that either one had any authority to bind the partnership by indorsing or guaranteeing notes or to go security for third persons.

"It is no part of the business of a partnership to give a guaranty of or become surety for the payment of the debts of others or to bind its credit to third persons. The holder of a note made or indorsed by one partner without the consent of the firm, therefore, who knows that the signature of the firm was given for the purpose of accommodation or as surety, cannot recover as against the partnership, though the partner who thus uses the firm name is himself bound as though he had given his individual signature." (17 Am. & Eng. Encyc. of Law, 1021.)

It is contended by the plaintiff that Reiner signed the guaranty upon the notes in fulfillment of the written contract between the plaintiff and defendants. A careful examination of the contract fails to support the contention. It is provided that, if sales are made to parties adjudged by the company to have been doubtful or worthless at time of sale, the notes taken for such sale shall be taken by Reiner & Prentice to apply on their commission. It is also provided that, if the company finds that any note passed upon at settlement was doubtful or worthless at the time of sale, then Reiner & Prentice shall take the note and replace it with cash or notes secured by good and responsible parties acceptable to the company. All

that the contract stipulates is that Reiner & Prentice shall take the doubtful or worthless notes for their commission, or, after settlement, take the notes and replace them with cash or acceptable notes. There is no contract to guarantee the notes. If Reiner & Prentice or either of them guaranteed the notes they certainly must have done so in pursuance of some contract other than the written contract of agency. It therefore follows that the signature of the firm executed by Reiner upon the notes did not bind Prentice. Prentice denied the execution of the guaranty under oath, and no error was committed by the court in excluding the introduction of the note as evidence against Prentice until its execution by him had been proved. The demurrer of Prentice to the evidence of the plaintiff as to him was properly sustained.

As to the transaction between Reiner and Rood, the agent of the company, it appears from the testimony that Rood was present for the purpose of making a settlement with Reiner & Prentice on behalf of the company, and that the company ratified his actions in making the settlement. Rood testified that the contract mentioned in connection with the guaranty, and to which the guaranty was subject, was the written contract of agency. Reiner testifies that it was the oral contract mentioned in the answer of Reiner. The finding of the court settles this in Reiner's favor. The plaintiff contends that this contradicts the terms of the written contract of agency and is contrary to it, and that Rood, being a traveling salesman, and not a general agent, had no authority to make such deviation from the terms of the written contract. As already stated, the written contract did not provide for the guaranty of notes by Reiner & Prentice. It appears that Rood objected to the notes upon the set-

tlement. It was therefore the duty of Reiner & Prentice to take the notes upon their commission. There was no commission coming to them, but Reiner told Rood that he could get the father of Sailsbery to sign the notes, as that was the agreement when the notes were taken, and Rood said that would be satisfactory. Sailsbery's father lived in the country, and Reiner testified that he, Reiner, signed the guaranty to the notes so that Rood could send in the complete settlement upon the terms stated in the verbal contract, that the company should return the notes to Reiner at once so that he could obtain the surety, at which time Reiner & Prentice should be released from the guaranty. The contract of guaranty must be construed with the contract with the company to which the notation referred. They were made at the same time, as parts of one and the same transaction. The notation was sufficient to put the company upon inquiry as to what contract was meant. It has no right to presume it meant the written contract of agency, for the contract of agency did not provide for a personal guaranty. The finding of the jury, approved by the court, settles the fact that the notation refers to the oral contract. The company failed to carry out its part of said contract, and because of its failure the loss accrued. Having failed to perform its part of the contract it cannot recover.

The judgment of the district court is affirmed.

All the Judges concurring.